# EXHIBIT "A"

NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO.

You are hereby notified that on <u>11/13/2020</u>
a COMPLAINT has been filed in this case
and you are required to serve the same on or before the
<u>12/13/2020</u>
Michael McGeever, Director
Department of Court Records

Hearing Date: **04/13/2021**

Hearing Time: **9:00**

Judge: **Arbitration Panel**

Address: **Court Room 2, 7th floor**

**City-County Building Pittsburgh, PA 15219**

## COMPLAINT IN CIVIL ACTION

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| Plaintiff(s) | Case Number: |
| --- | --- |
| **Berger, Robert** | **AR-20-004502** |
| | Type of pleading: |
| | **Complaint** |
| | Filed on behalf of: |
| | **Berger Robert** |
| | <u>**Ward P. Joshua**</u> |
| | (Name of filing party) |

| Defendant(s) | VS |
| --- | --- |
| **Weltman Weinberg & Reis L.P.A.,** | [X]  Counsel of Record |
| | [ ]  Individual, If Pro Se |
| | Name, Address and Telephone Number: |
| | **Ward P. Joshua** |
| | **201 S. Highland Avenue** |
| | **Suite 201** |
| | **Pittsburgh, PA, 15206-3950** |
| | **412 5453015** |
| | **412 5453016** |
| | Attorney's State ID: **320347** |



**Michael McGeever, Director, Department of Court Records**

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

ROBERT BERGER,

CIVIL DIVISION

*Plaintiff*,

# AR-20-004502

vs.

WELTMAN, WEINBERG & REIS, L.P.A.,

*Defendant*.

**COMPLAINT IN CIVIL ACTION**

Filed on Behalf of Plaintiff:
Robert Berger

Counsel of Record for This Party:

**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA  15206

Telephone:     (412) 545-3015
Fax No.:       (412) 540-3399
E-mail:        jward@fentersward.com

APR 1 3 2021

HEARING DATE_____
COURT ROOM 2, 7ᵀᴴ FLOOR
CITY-COUNTY BUILDING
9:00 A.M.



E-FILED

NOV 1 3 2020

CIVIL/FAMILY DIVISION
DEPT. OF COURT RECORDS
ALLEGHENY COUNTY, PA

## NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

LAWYER REFERRAL SERVICE
11TH FLOOR KOPPERS BUILDING,
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219
TELEPHONE: (412) 261-5555

**HEARING NOTICE YOU HAVE BEEN SUED IN COURT.** The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on _____, 2020 at 9:00 A.M.

IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. DUTY TO APPEAR AT ARBITRATION HEARING IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing. If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

ROBERT BERGER,                                    CIVIL DIVISION

*Plaintiff*,                                      **ELECTRONICALLY FILED**

vs.                                               Case No. AR-20-_____

WELTMAN, WEINBERG & REIS, L.P.A.,

*Defendant*.                                      **COMPLAINT IN CIVIL ACTION**

### COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Robert Berger by and through the undersigned counsel, The Law Firm of Fenters Ward and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Weltman, Weinberg & Reis, L.P.A., of which the following is a statement:

### PARTIES

1.      Plaintiff, Robert Berger (hereinafter, "Robert Berger"), is an adult individual who currently resides at 5510 Allentown Boulevard, Harrisburg, Pennsylvania 17109.

2.      Defendant, Weltman, Weinberg & Reis, L.P.A., (hereinafter "Weltman, Weinberg & Reis"), is a law firm with its principal place of business located at 436 Seventh Ave #2500, Pittsburgh, Pennsylvania 15249.

### JURISDICTION AND VENUE

3.      Jurisdiction is proper as Plaintiff bring this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.* (hereinafter, the "FDCPA").

4.      Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendant regularly conducts business in Allegheny County, Pennsylvania, and because Defendant is subject to general jurisdiction of Allegheny County, Pennsylvania.

## ALLEGATIONS OF FACT

### A. False Misrepresentations and Deceptive Conduct Directed Towards Plaintiff Robert Berger including the Exposure of Confidential Information

5.      On or about November 18, 2019, Branch Banking and Trust Company, through Weltman, Weinberg & Reis, filed a Complaint in Civil Action, contemporaneous with a supporting exhibit, in the Court of Common Pleas of Dauphin County at Docket Number 2019 CV-8495-CV. A true and correct copy of the Dauphin County Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

6.      At the time of the filing of the Complaint and at all times relevant hereto, Defendant Weltman, Weinberg & Reis was acting as the debtor on the behalf of Branch Banking and Trust Company thereby, making it both the debtor responsible and liable for the accusations contained in this action.

7.      Within the Complaint, Weltman, Weinberg & Reis, affirmatively certified compliance "with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents." A true and correct copy of the Complaint and Supporting Exhibit is attached hereto, made a part hereof, and marked as Exhibit "A".

8.      Beneath this certification of compliance paragraph is a signature block containing the signature of Matthew W. Pomy, Esquire, an associate of Weltman, Weinberg & Reis who is acting as Counsel on defenses behalf.  See Exhibit "A".

9.      The language of this compliance paragraph refers to the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania 204 Pa. Code § 213.81 which mandates the protection of identified confidential documentation and information. Section 204 Pa. Code. § 213.81.

10.      204 Pa. Code § 213.81 Section 8(A) states "the following documents are confidential and shall be filed with a court or custodian under a cover sheet designated 'Confidential Document Form': 1. Financial Source Documents." *Id.*

11.      204 Pa. Code. § 213.81 Section 1(J) defines "financial source documents" to include "financial institution statements;" and "loan application documents." *Id.*

12.      Furthermore, 204 Pa. Code § 213.81 states that "parties and their attorneys shall be solely responsible for complying with the provisions of this section." *Id.*

13.      The exhibit attached to the Complaint filed in the aforesaid Court of Common Pleas of Dauphin County case contain loan application documents delineating the accrual of an alleged debt to Robert Berger. See Exhibit "A".

14.      The exhibit attached to the complaint therefore qualify as financial source documents necessitating the inclusion of a Confidential Document Form. 204 Pa. Code § 213.81.

15.      These abovementioned financial source documents are capable of identifying Robert Berger as an alleged debtor.

16.     Weltman, Weinberg & Reis failed to include a Confidential Document Form anywhere in the complaint or its respective filing necessary to prevent the release of these financial source documents. See Exhibit "A".

17.     Therefore, Weltman, Weinberg & Reis failed to comply with 204 Pa. Code § 213.81.

18.     The signature of Matthew W. Pomy, counsel for and associate of Weltman, Weinberg & Reis, falsely indicated compliance with the abovementioned statute and thereby constituted a false, deceptive, and fraudulent representation in the attempted collection of any debt in violation of 15 U.S.C. § 1692e(10).

19.     Furthermore, Weltman, Weinberg & Reis disclosed information capable of identifying Robert Berger as an alleged debtor. See Exhibit "A".

20.     The Third Circuit has found that information capable of identifying an individual as a debtor constitutes impermissible language or symbols sufficient for liability under 15 U.S.C. § 1692f(8) of the FDCPA. See *Douglass v. Convergent Collections*, 765 F.3d 299 (3d. Cir. 2014).

21.     By disclosing information capable of identifying Robert Berger as a debtor, Weltman, Weinberg & Reis further violated 15 U.S.C. § 1692f(8).

22.     Upon releasing confidential information, by making it available to public access through electronic or in-person means, associated with Robert Berger, Weltman, Weinberg & Reis utilized unfair and unconscionable means in connection with the collection of any debt and thereby violated 15 U.S.C. § 1692f of the FDCPA.

## COUNT I
## VIOLATIONS OF THE FDCPA,
### 15 U.S.C §§ 1692, 1692e, 1692e(8), & 1692(d)

23.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

24.     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C 1692(a).

25.     The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C § 1692(e).

26.     Furthermore, the FDCPA prohibits debt collectors from utilizing "false, deceptive, or misleading representation or means in connection with the collection of any debt" 15 U.S.C § 1692e.

27.     Robert Berger is a "consumer" as defined by § 1692a(3) of the FDCPA.

28.     Weltman, Weinberg & Reis is a "debt collector" as defined by § 1692a(6) of the FDCPA.

29.     Upon information and belief, the alleged "debt[s]" arise out of an alleged transaction entered into primarily for personal, family, or household purposes.  "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C § 1692a(5).

30.     The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

31.     Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C § 1692e of the FDCPA.

32.     On or about, November 18, 2019, Weltman, Weinberg & Reis, filed its Complaint with accompanying exhibit in the abovementioned Court of Common Pleas of Dauphin County case. See Exhibit "A".

33.     Within these complaint, Weltman, Weinberg & Reis certified affirmative compliance "with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents." See Exhibit "A".

34.     Beneath these certification of compliance paragraphs are signature blocks containing the signature of Matthew W. Pomy, Esquire, an associate of and Counsel for Weltman, Weinberg & Reis and its subsequent counsel. See Exhibit "A".

35.     The language of these compliance paragraphs refers to the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania 204 Pa. Code § 213.81.

36.     Attached as exhibit to the respective complaint are numerous financial source documents pertaining to an alleged debt. See Exhibit "A".

37.     Lacking from this complaint, their filings, and the respective dockets are any semblance of the mandated Confidential Document Form necessary to shield the disclosure of

financial source documents from public access in accordance with 204 Pa. Code § 213.81. See Exhibit "A".

38.     Lacking from the specific complaint and exhibit in question are the Confidential Document Forms, necessary to shield the disclosure of confidential information of this type. See Exhibit "A".

39.     By willfully disclosing and publishing these statutorily protected materials, Weltman, Weinberg & Reis failed to comply with 204 Pa. Code § 213.81.

40.     Weltman, Weinberg & Reis therefore, falsely and fraudulently certified compliance with 204 Pa. Code § 213.81 upon signing beneath the compliance clauses contained within the complaint.

41.     Furthermore, the signatures of Matthew W. Pomy, Esquire of Weltman, Weinberg & Reis are of a deceptive and misleading nature as the signatures indicated compliance with 204 Pa. Code § 213.81 despite factual lack of compliance.

42.     Weltman, Weinberg & Reis therefore, employed false, deceptive, and misleading representations or means upon falsely indicating compliance with 204 Pa. Code § 213.81 despite an evident lack thereof in violation of 15 U.S.C. § 1692e of the FDCPA.

43.     Weltman, Weinberg & Reis therefore utilized false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

44.     Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

45.     Here, the only natural consequence of Weltman, Weinberg & Reis' acts of willfully publishing financial source documents associated with Plaintiff was to harass, oppress, or abuse Plaintiff.

46.     As such, Weltman, Weinberg & Reis' conduct, as set forth above, violated 15 U.S.C.A. § 1692d of the FDCPA.

47.     Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C § 1692k(a) of the FDCPA.

48.     As a direct and proximate result of Weltman, Weinberg & Reis' violations of the FDCPA, as set forth above, Plaintiff has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.


## COUNT II
## VIOLATIONS OF THE FDCPA, 15 U.S.C §§ 1692f, 1692f(8), & 1692(d)

49.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

50.     The FDCPA was created to combat the "use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692a of the FDCPA. The "[A]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to *invasions of individual privacy*." (emphasis added). *Id.*

51.     The FDCPA prohibits the use of unfair or unconscionable means in collection or attempted collection of any debt. 15 U.S.C. § 1692f of the FDCPA.

52.     The Third Circuit has held that the FDCPA protects consumers' identifying information and disclosure of account numbers constitutes the use of impermissible language or symbols under 15 U.S.C. § 1692f(8) of the FDCPA. *Douglass v. Convergent Collections*, 765 F.3d 299, 306 (3d. Cir. 2014).

53.     The Third Circuit found an account number akin to "a piece of information capable of identifying Douglass as a debtor" and identified the disclosure of such as possessing "the potential to cause harm to a consumer that the FDCPA was enacted to address." *Id.*

54.     Furthermore, the Third Circuit found the FDCPA to proscribe, under 15 U.S.C. § 1692f(8), the employment of potentially harassing and embarrassing language and also of consumers' identifying information. *Id.* at 306.

55.     Section 1692f of the FDCPA provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C § 1692f of the FDCPA.

56.     On or about, November 18, 2019, Weltman, Weinberg filed its Complaint with accompanying exhibit in the abovementioned Court of Common Pleas of Dauphin County Case. See Exhibit "A".

57.     The supporting exhibit to the respective complaint contained confidential financial source documents in the form of loan application documents pertaining to an alleged debt.

58.     The financial source documents indicated the accrual of alleged debts and attributed the alleged debt to Plaintiff.

59.     The financial source documents contained within the respective exhibit identified Plaintiff as alleged debtors. See Exhibit "A".

60.     Weltman, Weinberg & Reis failed to redact the identifying information contained within these documents and therefore published information capable of identifying Plaintiff as alleged debtors to the public. See Exhibit "A".

61.     Weltman, Weinberg & Reis failed to redact the confidential information contained within these documents and thus exposed the confidential information associated with the alleged debt to the public. See Exhibit "A".

62.     Weltman, Weinberg & Reis failed to employ and file contemporaneously the proper documentation necessary to shield the Financial Source Documentations, and the confidential information contained therein, from public access through electronic or physical means. See Exhibit "A"

63.     Section 204 Pa. Code § 213.81 recognizes documents and information of this type as confidential in nature sufficient to warrant statutory protections.

64.     Further, Section 204 Pa. Code § 213.81 mandates confidentiality measures to protect the release of such documents and information to the public.

65.     Weltman, Weinberg & Reis failed to file a Confidential Document Form as required by 204 Pa. Code § 213.81 to shield the confidential documents and information contained within the exhibit from public exposure. See Exhibit "A".

66.     Weltman, Weinberg & Reis failed to take any measures, redaction or otherwise, to protect the release of personal and confidential information associated Plaintiff to the public. See Exhibit "A".

67.     Following, *Douglass v. Convergent Collections*, 765 F.3d 299, 306 (3d. Cir. 2014) the disclosure of confidential information capable of identifying an individual as an alleged debtor constitutes impermissible language or symbols sufficient for liability under 15 U.S.C § 1692f(8) of the FDCPA.

68.     Upon publishing financial source documents containing information capable of identifying Plaintiff as alleged debtors, Weltman, Weinberg & Reis utilized impermissible language or symbols in the attempted collection of an alleged debt and therefore violated 15 U.S.C § 1692f(8) of the FDCPA.

69.     The FDCPA was created to proscribe abusive, deceptive, and unfair debt collection activities of precisely this type. 15 U.S.C § 1692a of the FDCPA.

70.     The disclosure of financial source documents associated with Plaintiff further constituted unfair or unconscionable means to collect or attempt to collect any debt as the publishing of this information is inherently harassing or embarrassing in nature.

71.     Therefore, upon releasing confidential information associated with Plaintiff, Weltman, Weinberg & Reis further utilized unfair and unconscionable means in connection with the collection of any debt and thereby violated 15 U.S.C. § 1692f of the FDCPA.

72.     Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

73.     Here, the only natural consequence of Weltman, Weinberg & Reis' acts of willfully disclosing confidential information associated with Robert Berger was to harass, oppress, or abuse Plaintiff.

74.     As such, Weltman, Weinberg & Reis' conduct, as set forth above, violated 15 U.S.C.A § 1692d of the FDCPA.

75.     Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C § 1692k(a) of the FDCPA.

76.     As a direct and proximate result of Weltman, Weinberg & Reis' violations of the FDCPA, as set forth above, Plaintiff has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

## COUNT III
### PERMANENT INJUNCTION ORDERING WELTMAN, WEINBERG & REIS TO CURE THE ONGOING EXPOSURE OF PLAINTIFF' CONFIDENTIAL INFORMATION

77.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

78.     In order to establish a claim for a permanent injunction, the party must establish his or her clear right to relief. *Buffalo Twp. v. Jones*, 571 Pa. 637, 813 A.2d 659 (2002).

79.     The party need not establish either irreparable harm or immediate relief and a court "may issue a final injunction if such relief is necessary to prevent a legal wrong for which there is no adequate redress at law." *Berwick Twp. v. O'Brien*, 148 A.3d 872, 891 (Pa. Commw. Ct. 2016) citing *Buffalo Twp.* at 663.

80.     A party must also show greater injury will result from refusing rather than granting the relief requested. *Berwick Twp. v. O'Brien*, 148 A.3d 872, 891 (Pa. Commw. Ct. 2016).

81.     In the case at hand, Plaintiff possesses a clear right to relief through §§ 1692d, 1692e, 1692e(10), 1692f, 1692f(8), and 1692k of the FDCPA.

82.     Weltman, Weinberg & Reis affirmatively employed false and misleading representations in clear violation of the FDCPA by falsely certifying compliance with 204 Pa. Code 213 while willfully failing to comply with said statute.

83.     This false certification constituted a false and misleading representation in connection with the collection of any debt thus violating §§ 1692e, 1692e(10), and 1692d of the FDCPA.

84.     The course of conduct begetting the lack of compliance culminated in the publishing of confidential information associated with Robert Berger that is capable of identifying him as alleged debtors.

85.     The exposure of such information ultimately constituted an unconscionable mean in connection with the collection of any debt and constituted the use of impermissible symbols following *Douglass v. Convergent Collections*, 765 F.3d 299, 306 (3d. Cir. 2014) in violation of §§ 1692d, 1692f, and 1692f(8) of the FDCPA.

86.     In the case at hand, a permanent injunction is necessary to prevent the legal wrongdoing of Weltman, Weinberg & Reis.

87.     As it stands, confidential information contained within hundreds of documents taking the form of financial source documents has been published to the public at large.

88.     These documents, and subsequently the information therein, are available for viewing and downloading by the public at any given time.

89.     These documents can be utilized for a variety of purposes which all result in harm befalling Robert Berger and said harm ranges from emotional distress to identity theft to an endless number of other circumstances.

90.     No adequate redress at law exists outside curing the exposure of confidential information as nothing short of the requested cure will protect Robert Berger's confidential information and mitigate the currently endless exposure.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, Robert Berger, respectfully requests this Honorable Court enter judgment in Plaintiff's favor and against Defendant, Weltman, Weinberg & Reis, as follows:

A.  Ordering Defendant to pay actual, consequential, statutory, and/or punitive damages to Plaintiff, including restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff as a result of Defendant's unlawful conduct;

B.  Ordering declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful conduct as set forth herein;

C.  Ordering injunctive relief as permitted by law or equity, including ordering Defendant to cure the ongoing and currently endless exposure of Plaintiffs' confidential information;

D.  Ordering Defendant to pay attorney's fees and litigation costs to Plaintiff;

E.  Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

F.  Ordering such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff respectfully demands a jury on all matters so triable.

Respectfully submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: November 13, 2020                    By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

## VERIFICATION

I, JOSHUA P. WARD, ESQ., have read the foregoing COMPLAINT and verify that the statements therein are correct to the best of my personal knowledge, information, and/or belief. I have gained this information from discussions with Plaintiff. This verification is made on behalf of Plaintiff. Plaintiff will produce their verification if/when there is an objection by Defendant or upon directive from the court.

I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Respectfully submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: November 13, 2020

By: _____
Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

ROBERT BERGER,

     *Plaintiff*,

     vs.

WELTMAN, WEINBERG & REIS, L.P.A.,

     *Defendant*.

CIVIL DIVISION

**ELECTRONICALLY FILED**

Case No. AR-20-_____

**CONFIDENTIAL EXHIBIT TO
COMPLAINT IN CIVIL ACTION
EXHIBIT A**

Filed on Behalf of Plaintiff:
Robert Berger

Counsel of Record for this Party:
**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:    (412) 545-3015
Fax No.:    (412) 540-3399
E-mail:    jward@fentersward.com

EXHIBIT A

**Supreme Court of Pennsylvania**
**Court of Common Pleas**
Civil Cover Sheet
**DAUPHIN** County

WWR# 040426623

For Prothonotary use Only:

Docket No:

2019 CV 8495 CV

2019 NOV 18 AM 10: 09
PROTHONOTARY
REGISTER
DAUPHIN COUNTY
PENNA

The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

| Commencement of Action: | |
|---|---|
| ☒ Complaint   ☐ Writ of Summons | ☐ Petition |
| ☐ Transfer from Another Jurisdiction | ☐ Declaration of Taking |

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| BRANCH BANKING AND TRUST COMPANY | ROBERT BERGER , et al |

| Are money damages requested? ☒ Yes  ☐ No | Dollar Amount Requested: (check one) | ☒ within arbitration limits  ☐ outside arbitration limits |
|---|---|---|

| Is this a Class Action Suit? ☐ Yes  ☒ No | Is this an MDJ Appeal ? ☐ Yes  ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: MATTHEW W. POMY, 318403
☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the ONE case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
☐ Intentional
☐ Malicious Prosecution
☐ Motor Vehicle
☐ Nuisance
☐ Premises Liability
☐ Product Liability (does not include Mass tort)
☐ Slander/Libel/Defamation
☐ Other:
_____
_____

**CONTRACT** (do not include Judgments)
☐ Buyer Protection
☐ Debt Collection: Credit Card
☒ Debt Collection: Other
   Retail Installment
   Contract
☐ Employment Dispute Discrimination
☐ Employment Dispute: Other
_____
☐ Other:
_____

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
   Statutory Appeal: Other
_____
_____
☐ Zoning Board
☐ Other:
_____

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other:
_____
_____

**PROFESSIONAL LIABILITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional:
_____
_____

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other:
_____

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Waranto
☐ Replevin
☐ Other:
_____

Updated 1/1/2011

T41 Rev 09/2018

**WELTMAN, WEINBERG & REIS CO., L.P.A.**
**Attorney for Plaintiff(s)**
BY:  Matthew W. Pomy, Esquire
I.D. No.318403
436 Seventh Avenue, Suite 2500
Pittsburgh, PA  15219
Phone: 412.434.7955
Fax: 412.434.7959
File # 040426623

2019 NOV 18 AM 10: 09
DAUPHIN COUNTY
PENNA

pd.
202.00

IN THE COURT OF COMMON PLEAS DAUPHIN COUNTY, PENNSYLVANIA
CIVIL DIVISION

BRANCH BANKING AND TRUST COMPANY
    Plaintiff

    vs.

Civil Action No. 2019 CV 8495 CV

ROBERT BERGER
CINDY BERGER
    Defendant(s)

### COMPLAINT AND NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 North Front Street
Harrisburg, PA 17101
(717) 232-7536

<u>NOTICE</u>

## <u>CONCERNING MEDIATION OF ACTIONS PENDING BEFORE THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY</u>

The Judges of the Court of Common Pleas of Dauphin County believe that mediation of lawsuits is a very important component of dispute resolution. Virtually all lawsuits can benefit in some manner from mediation.

The Court has adopted Dauphin County Local Rule 1001 to encourage the use of mediation. This early alert enables litigants to determine the best time during the life of their lawsuit for a mediation session. The intent of this early alert is to help the parties act upon the requirement to consider good faith mediation at the optimal time.

The Dauphin County Bar Association provides mediation services and can be reached at 717-232-7536. Free mediation sessions for pro bono cases referred by MidPenn Legal Services are available through the DCBA.

### <u>AVISO</u>

USTED HA SIDO DEMANDADO/A EN CORTE. Si usted desea defenderse de las demandas que se presentan mas adelante en las siguientes paginas, debe tomaraccion dentro de los proximos veinte (20) dias despues de la notificacion de esta Demanda y Aviso radicando personalmente o por medio de un abogado una comparecencia escrita y radicando en la Corte por escrito sus defensas de, y objecciones a, las demandas presentadas aqui en contra suya. Se le advierte de que si usted falla de tomar accion como se describe anteriormente, el caso puede proceder sin usted y un fallo por cualquier suma de dinero reclamada en la demanda o cualquier otra reclamacion o remedio solicitado por el demandante puede ser dictado en contra suya por la Corte sin mas aviso adicional. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE UN ABOGADO, LLAME 0 VAYA A LA SIGUIENTE OFICINA. ESTA OFICINA PUEDE PROVEERLE INFORMACION A CERCA DE COMO CONSEGUIR UN ABOGADO.

SI USTED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACION SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO 0 BAJO COSTO A PERSONAS QUE CUALIFICAN.

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 North Front Street
Harrisburg, PA 17101
(717) 232-7536

## AVISO

## REFERENCES A LA MEDIACIÔN DE LAS ACCIONES PENDIENTES ANTES LA CORTE DE SOPLICAS COMUNES DEL CONDADO DE DAUPHIN

Los jueces de la corte de sûplicas comunes del condado de Dauphin creen que la mediaciôn de pleitos es un componente muy importante de la resoluciôn del conflicto. Virtualmente todos los pleitos pueden beneficiar de cierta manera de la mediaciôn.

La code ha adoptado la regla local de condado de Dauphin 1001 para animar el use de la mediaciôn. Esta alarma temprana permite a litigantes determiner la mejor época durante la vida de su pleito para una sesiôn de la mediaciôn. El intento de esta alarma temprana es actuar sobre la mediaciôn de la buena fe en el tiempo óptimo.

La asociaciôn de la barra del condado de Dauphin proporciona servicios de la mediaciôn y se puede alcanzar en 717-232-7536. La sesiôn libre de la mediaciôn para los favorables casos del bono se refinio por MidPenn que los servicios juridicos están disponibles con el DCBA.

COMPLAINT

1.      Plaintiff is a corporation having offices in 4251 Fayetteville Road, Lumberton, NC 28358.


2.      Defendant, Robert Berger, is an adult individual residing at 5510 Allentown Blvd, Harrisburg, PA 17112.


3.      Defendant, Cindy Berger, is an adult individual residing at 5036 Utah Ave, Harrisburg, PA 17109.


4.      On or about February 11, 2008, Defendants duly executed a Retail Installment Contract (hereinafter the "Contract") in favor of Lazydays RV Center, a true and correct copy of said Contract is attached hereto, marked as Exhibit "1" and made a part hereof.


5.      Pursuant to said Contract, Defendants took possession of the motorhome, more particularly identified in the Contract as a New 2008 Tiffin Phaeton.


6.      Pursuant to the terms and conditions provided by the Contract, the Contract was assigned from Lazydays RV Center to Plaintiff.


7.      Plaintiff avers that Defendants are in default of the Contract by having not made payment to Plaintiff as promised, thereby rendering the entire balance immediately due and payable.


8.      Plaintiff avers that a balance of $70,584.90 is due from Defendants.

9.     Although repeatedly requested to do so by Plaintiff, Defendants have willfully failed and/or refused to pay the principal balance, or any part thereof to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants, Robert Berger and Cindy Berger, jointly and severally, in the amount of $70,584.90 with continuing interest thereon at the statutory rate of 6.00% per annum from the date of judgment, and costs.

WELTMAN, WEINBERG & REIS, CO., L.P.A.

Matthew W. Pomy, Esquire
I.D. No. 318403
436 Seventh Avenue, Suite 2500
Pittsburgh, PA  15219
Phone: 412.434.7955
Fax: 412.434.7959
File # 040426623

**RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT**

| | |
|---|---|
| Seller: Lazydays RV Center, 6130 Lazydays Boulevard, Seffner, FL 33584-2968 | Buyer: CINDY L BERGER, 3026 UTAH AVE, HARRISBURG, PA 17109 |

Date 02/11/2008
Buyer's month of birth: January

"We" and "us" mean the Seller above, its successors and assigns.

"You" and "your" mean each Buyer above, and guarantor, jointly and individually.

SALE: You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the other accessories and attachments.

| Description of Motor Vehicle Purchased | Year 2008 | Make Tiffin | VIN 4UZAB3DB68CD38922 | Lic. No./Year | Other: |
|---|---|---|---|---|---|
| | Model Phaeton | | | ☒ New ☐ Used | |

Description of 2008 Forest River Georgetown IF9CD33T88DAB1562
Trade-in   2008 Mitsubishi Eclipse 4S3AS24V44E287429

SECURITY: To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessories, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

PROMISE TO PAY AND PAYMENT TERMS: You promise to pay us the principal amount of $ 204087.89 , plus finance charges accruing on the unpaid balance at the rate of 6.74 % per year from today's date until paid in full. Finance charges accrue on Actual/365 day basis. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

☐ LOAN PROCESSING FEE: You agree to pay a non-refundable loan processing fee of $ N/A that will be ☐ paid in cash. ☐ added to the Cash Price.

☐ MINIMUM FINANCE CHARGE: You agree to pay a minimum finance charge of $ N/A if you pay this Contract in full before we have earned that much in finance charges.

☐ PRE-DELIVERY SERVICE FEE: You agree to pay a nonrefundable pre-delivery service fee of $ N/A that will be ☐ paid in cash. ☐ included in the Cash Price. This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting the vehicles, and preparing documents related to the sale.

DOWN PAYMENT: You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

**TRUTH IN LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ 40067.19 |
|---|---|---|---|---|
| 6.74 % | $ 168056.12 | $ 204087.88 | $ 372144.00 | $ 412211.19 |

| Payment Schedule: Your payment schedule will be | | When Payments Are Due |
|---|---|---|
| Number of Payments | Amount of Payments | |
| 240 | 1550.60 | MONTHLY BEGINNING: 3/12/2008 |

Security: You are giving a security interest in the Motor Vehicle purchased.
Late Charge: If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of 5% of the unpaid amount of the payment due.
Prepayment: If you pay off this Contract early, you may have to pay a penalty.
Contract Provisions: You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

CREDIT INSURANCE: Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will assure it for you at only for coverages. We are quoting below ONLY the coverages you have chosen to purchase.

Credit Life: Insured _____
☐ Single ☐ Joint  Prem. $ N/A  Term _0_
Credit Disability: Insured _____
☐ Single ☐ Joint  Prem. $ N/A  Term _0_

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

_____ _____
Buyer date   Buyer date

PROPERTY INSURANCE: You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A . If you get insurance from or through us you will pay $ 0.00 for _____ of coverage.

This premium is calculated as follows:
$ 0.00 Deductible, Collision Coverage $ N/A
$ 0.00 Deductible, Comprehensive Cov. $ N/A
☐ Fire-Theft and Combined Additional Coverage $ N/A

BODILY INJURY OR PROPERTY DAMAGE LIABILITY NOT INCLUDED UNLESS CHECKED AND INDICATED.

☐ SINGLE-INTEREST INSURANCE: You must purchase single-interest insurance. The coverage may be obtained from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for _____ of coverage.
This insurance is solely for the interest of the Seller, its successors and assigns, and no protection exists for your benefit.

Signed _____

ASSIGNMENT: This Contract and Security Agreement is assigned to Branch Banking & Trust Company the Assignee, phone (866) 226-3266. This assignment is made ☐ under the terms of a separate agreement. ☐ under the terms of the ASSIGNMENT BY SELLER on page 2. ☐ This assignment is made with recourse.
Seller by Lazydays RV Center   Date 2/11/2008

**ITEMIZATION OF AMOUNT FINANCED**

| | | |
|---|---|---|
| Vehicle Price (incl. sales tax of $ 6324.72 ) | $ | 242440.72 |
| Service Contract, Paid to: _____ | $ | N/A |
| Pre-delivery service fee | $ | N/A |
| Cash Price | | 242440.772 |
| Manufacturer's Rebate | $ | |
| Cash Down Payment $ 1403.00 | | |
| Deferred Down Payment $ N/A | | |
| a. Total Cash/Rebate Down | $ | 1403.00 |
| b. Trade-in Allowance $ 137804.60 | | |
| c. Less: Amount owing $ 98326.81 | | |
| Paid to: Bank of the West | | |
| d. Net Trade-in (b. minus c.) | $ | 98687.19 |
| e. Net Cash/Trade-in (a. plus d.) | $ | 40067.19 |
| Down Payment (e.; disclose as $0 if negative) | $ | 40067.19 |
| Unpaid Balance of Cash Price | $ | 202373.53 |
| Paid to Public Officials - Filing Fees | $ | N/A |
| Insurance Premiums* | $ | N/A |
| (See adjacent coverage and benefit types.) | | |
| Amount to Finance line e. (if e. is negative) | $ | N/A |
| Loan Processing Fee Paid to Seller | $ | N/A |
| To State of Fla - Doc Stamps | $ | 714.35 |
| To: _____ | $ | N/A |
| Total Other Charges/Amounts Pd. to Others | $ | 714.35 |
| Less: Prepaid Finance Charges | $ | N/A |
| Amount Financed | $ | 204087.88 |

*We may retain or receive a portion of this amount.

☐ SERVICE CONTRACT: With your purchase of the Vehicle, you agree to purchase a Service Contract to cover _____

NOTICE TO BUYER
A. Do not sign this Contract before you read it or if it contains any blank spaces. B. You are entitled to an exact copy of the Contract you sign. Keep it to protect your legal rights.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.

Buyer: _____  2/11/2008
Date
Signature _____  2/11/2008
Date

Seller: By Lazydays RV Center

**EXHIBIT 1**

ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and associated services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We may delay or waive certain rights without giving up any such right. You may revoke acceptance of the motor vehicle and assert a security interest in the motor vehicle.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law and this Contract.

**PLEASE READ CAREFULLY NOTICE OF ARBITRATION**

**ARBITRATION AGREEMENT:** At your or our election, any claim or dispute in contract, tort, statute or otherwise between you and us or our employees, agents, successors or assigns that arises out of or relates to your credit application, this Contract or any resulting transaction or relationship...

**ASSIGNMENT BY SELLER**

**THIRD PARTY AGREEMENT**

By signing below you agree to give us a security interest in the Property described in the SALE section.

Signature _____ Date _____

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

## VERIFICATION

The undersigned does hereby verify subject to the penalties of 18 PA. C.S. §4904 relating

to unsworn falsifications to authorities, that he/she is ___Lisa Rowan___,
                                                          (Name)

___Banking Officer___ of ___BB+T___, Plaintiff herein, that he/she is duly
  (Title)                 (Company)

authorized to make this Verification, and that the facts set forth in the foregoing Complaint are

true and correct to the best of his/her knowledge, information and belief.

_____
(Signature)

Date ___10-29-19___

WWR# 040426623

V35 Rev 11/2017

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Weltman, Weinberg & Reis Co., L.P.A.

MATTHEW W. POMY, Esquire
PA I.D. NO. 318403
436 7TH AVE., STE. 2500
PITTSBURGH, PA 15219-1842
Phone: 412-434-7955
Fax: 412-434-7959
Email: PITLAW@WELTMAN.COM
WWR# 040426623

**Rev. 09/2017**